UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

MIESHA REYNOLDS,

    **Plaintiff,**

v.               Case No. 18-cv-447-JFH-JFJ

ON THE CUSP PEDIATRIC
DENTISTRY PLLC,

    **Defendant.**

## OPINION AND ORDER

  This matter is before the Court on the Motion for Summary Judgment filed by Defendant, On the Cusp Pediatric Dentistry, PLLC ("On the Cusp"). Dkt. No. 17. For the reasons set forth below, the Court grants summary judgment in favor of On the Cusp.

**I. BACKGROUND**

  This case arises from the termination of Plaintiff's employment with On the Cusp. Dkt. No. 2-1. On the Cusp employed Plaintiff as a dental assistant from September 16, 2015 to July 20, 2016. Dkt. No. 17 at 2; Dkt. No. 18 at 1. On July 18, 2018, Plaintiff filed this suit in the Tulsa County District Court against On the Cusp and Ryan Roberts, DDS ("Dr. Roberts"), alleging that she was wrongfully terminated. Dkt. No. 2-1. The case was removed to this Court on August 18, 2018. Dkt. No. 2. On September 16, 2019, the parties stipulated to the dismissal of Dr. Roberts from the case.[1] Dkt. No. 16. On the Cusp filed its motion for summary judgment on October 2, 2019. Dkt. No. 17.

---

[1] The first stipulation to dismiss Dr. Roberts was filed August 20, 2019. Dkt. No. 14. This stipulation was signed by Plaintiff's counsel only. On September 16, 2019, a second stipulation to dismiss Dr. Roberts was filed. Dkt. No. 16. The second stipulation was identical in substance; however, it included the approval and signature of Defendants' counsel. *Id.*

II.     **STANDARD**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1291 (10th Cir. 1999); Fed. R. Civ. P. 56(a). "A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a fact is material when it might affect the outcome of the suit under the governing substantive law." *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016). Only material factual disputes preclude the entry of summary judgment. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). If the movant carries this initial burden, "the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Id.* at 671. If the nonmovant demonstrates a genuine dispute as to material facts, the Court views the facts in the light most favorable to him. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). However, a failure of proof "concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

III.    **MATERIAL FACTS TO WHICH NO DISPUTE EXISTS**

On the Cusp employed Plaintiff as a dental assistant beginning on September 15, 2016. Dkt. No. 17 at 2; Dkt. No. 18 at 1. On January 20, 2016, On the Cusp's office manager, Danielle Conrad ("Ms. Conrad"), documented a discussion between Plaintiff and Dr. Roberts regarding

Plaintiff having been absent from work five times in the previous month and not giving sufficient notice for absences. Dkt. No. 17-2; Dkt. No. 17-7. On January 22, 2016, Plaintiff received a formal written reprimand for tardiness. Dkt. No. 17-4.

On June 15, 2016, Plaintiff notified On the Cusp that she was pregnant and provided a doctor's note stating that she should not work with any x-rays or nitrous gas at that time. Dkt. No. 12-3 at 5; Dkt. No. 12-6. As an accommodation, Plaintiff was transferred to a front-desk position on July 1, 2016. Dkt. No. 17-3 at 13-14; Dkt. No. 17-7.[2]

On July 11, 2019, Yourlunda Steele ("Ms. Steele") wrote an email to office manager Ms. Conrad documenting a discussion involving the two of them and Plaintiff. Dkt. No. 17-5. The email reflects that Ms. Steele and Ms. Conrad counseled Plaintiff regarding her demeanor on professional telephone calls, explaining that the front-desk position required Plaintiff's tone to be "inviting and welcoming." *Id.* According to the email, Plaintiff was advised that the discussion would "be the last" they would have concerning the issue. *Id.*

Plaintiff was on leave between July 12, 2016 and July 18, 2016, due to a miscarriage of her pregnancy. Dkt. No. 17 at 3; Dkt. No. 18 at 2. Plaintiff returned to work on July 19, 2016. Dkt. No. 17-8. On July 20, 2016, Plaintiff took a call from a customer who was attempting to make a payment over the phone. Dkt. No. 19-1 at 3. According to Plaintiff, the customer became upset

---

[2] The scope of this accommodation is disputed. Plaintiff claims that between June 15, 2016 when she notified On the Cusp of her pregnancy, and July 1, 2016, when she accepted the front-desk position, she was required to perform duties that exposed her to x-rays and nitrous gas. Dkt. No. 2-1 at 2; Dkt. No. 17-3 at 6; Dkt. No. 18 at 2-4; Dkt. No. 18-1 at 1. Plaintiff also claims that after accepting the front-desk position, she was required to fill in as a dental assistant when On the Cusp was short staffed, during which times she was exposed to x-rays and nitrous gas. Dkt. No. 2-1 at 2; Dkt. No. 17-3 at 6; Dkt. No. 18 at 2-4; Dkt. No. 18-1 at 1; Dkt. No. 19-1 at 30. On the Cusp asserts that Plaintiff was "given office tasks until a front office position became available" and was offered the front office position upon its availability. Dkt. No. 17-7 at 2. On the Cusp also asserts that it offered Plaintiff "a special lead apron for x-rays, which other pregnant employees had utilized, but she refused to wear it." Dkt. No. 17-7 at 1.

3

and hung up on her after she tried to process his payment and it was declined three times. *Id.* Later that day, Plaintiff was advised that someone called On the Cusp and complained that she was rude to them on the phone. Dkt. No. 17-3 at 8. Plaintiff was given the opportunity to apologize to the customer, but did not. Dkt. No. 17-7 at 2. Plaintiff's employment was terminated July 20, 2016 for "unacceptable treatment of a customer." *Id.*

## IV.    DISCUSSION

Plaintiff now claims that she was wrongfully terminated. Dkt. No. 2-1 at 2-3; Dkt. No. 18 at 3, 4. Although Plaintiff's complaint does not expressly state the basis for Plaintiff's wrongful termination claim, in her response to On the Cusp's summary judgment motion, Plaintiff contends that she was wrongfully terminated based on her gender and her pregnancy. Dkt. No. 18 at 3, 4. Plaintiff also contends that she was treated differently than others similarly situated because she was required to perform x-rays and was exposed to nitrous gas despite her request for an accommodation. Dkt. No. 2-1 at 2; Dkt. No. 18 at 2-4; Dkt. No. 18-1 at 1.

A plaintiff may prove disparate treatment or discrimination by adducing either direct or indirect evidence. *Gooch v. Meadowbrook Healthcare Servs. of Fla., Inc.*, 77 F.3d 492 (10th Cir. 1996). Direct evidence is that "from which the trier of fact may conclude, without inference, that the employment action was undertaken because of the employee's protected status." *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008). Plaintiff does not point to any such evidence.

In opposing summary judgment, the sole evidence submitted by Plaintiff is her own affidavit. Dkt. No. 18-1. The affidavit contains the following assertions pertinent to Plaintiff's discrimination claim: (1) she was formally reprimanded once in January 2016 for tardiness; (2) other than that reprimand, there were no complaints about her job performance; (3) on June 16, 2016, she advised On the Cusp that she was pregnant; (4) she took a week off to recover from her

4

miscarriage and was terminated the day after her return; (5) she did not have an altercation with a client as characterized by On the Cusp; (6) she felt she was treated differently by On the Cusp than others similarly situated; and (7) she was terminated due to her gender, pregnancy, miscarriage, and missing work as a result of her miscarriage. Dkt. No. 18-1 at 1-2.

Of these assertions, only the last two go directly to Plaintiff's discrimination claim. With respect to Plaintiff's assertion that she was treated differently than others similarly situated, Plaintiff does not articulate how others were similarly situated to her or how On the Cusp's treatment of her was different from the others to whom she refers. *Id.* As to Plaintiff's assertion that she was terminated based on her gender, pregnancy, and miscarriage, Plaintiff makes this conclusory statement without offering explanation or any evidentiary facts to support it. For these reasons, the Court concludes that Plaintiff has not submitted direct evidence from which a jury could conclude, without inference, that she was terminated from her employment with On the Cusp because of her gender or her pregnancy. *Sanders*, 544 F.3d at 1105.

In the absence of direct evidence of discrimination, courts apply the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981). Under this framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802; *see, e.g.*, *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir.2007). "Once the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action." *Id.* (internal quotation marks and citation omitted). "If the employer does so, the burden shifts back to the plaintiff to show that there is a genuine issue of material fact as to whether

5

the employer's proffered reasons are pretextual." *Id.* (internal quotation marks and citation omitted).

For a plaintiff to prove a *prima facie* case of gender discrimination, she must show that she: "(1) belongs to a protected class; (2) was qualified for her position; (3) was discharged despite her qualifications; and (4) was terminated under circumstances which give rise to an inference of unlawful discrimination." *Plotke v. White*, 405 F.3d 1092, 1100 (10th Cir.2005) (internal quotation marks and citation omitted). Here, there is no dispute that Plaintiff belongs to a protected class, was qualified for her position, and was discharged despite her qualifications. *See generally* Dkt. No. 17; Dkt. No. 18. Therefore, Plaintiff's ability to make out a prima facie case of discrimination lies with the fourth element—whether she was terminated under circumstances which give rise to an inference of unlawful discrimination.

Although Plaintiff's affidavit includes statements as to her subjective belief that she was treated differently than others similarly situated, and that she was terminated based on her gender, pregnancy and miscarriage, these conclusions alone do not create an inference of unlawful discrimination. Moreover, a number of the statements contained in Plaintiff's affidavit are not supported by the record evidence in this case. For example, Plaintiff claims that other than the formal reprimand issued for tardiness in January 2016, there were no other complaints about her job performance. Dkt. No. 18-1 at 1-2. However, On the Cusp submitted documentation of two discussions between Plaintiff and her supervisors regarding Plaintiff's job performance. Dkt. No. 17-2; Dkt. No. 17-5. The first was a conversation on January 20, 2016 involving Plaintiff and Dr. Roberts during which Plaintiff's absences and prior notice of absences was addressed. Dkt. No. 17-2. The second was a conversation on July 7, 2016 involving Plaintiff, Ms. Steele, and office manager Ms. Conrad, in which Plaintiff was counseled to maintain an "inviting and welcoming"

6

tone during professional telephone calls. Dkt. No. 17-5. On the Cusp also submitted Plaintiff's deposition testimony in which she acknowledged the July 7, 2016 conversation. Dkt. No. 17-3 at 7.

Additionally, Plaintiff claims that she was terminated due to her gender, pregnancy, miscarriage, and missing work as a result of her miscarriage. Dkt. No. 18-1 at 1-2. However, On the Cusp submitted the affidavit of Ms. Conrad, in which attests that Plaintiff's employment was terminated due to "unacceptable treatment of a customer." Dkt. No. 17-7 at 2. In her deposition testimony, Plaintiff acknowledged that on July 20, 2016, she had an interaction with a client who was attempting to make a payment over the phone and that the client became upset and hung up after his payment was declined. Dkt. No. Dkt. No. 19-1 at 3. Plaintiff also acknowledged that later, someone called On the Cusp and complained that she was rude to them on the phone and that she was terminated that day. Dkt. No. 17-3 at 8.

As the Court has discussed, the only evidence submitted by Plaintiff to support her discrimination claim is her affidavit, which includes vague and conclusory statements that she believes she received disparate treatment and was terminated based on her gender, pregnancy, and miscarriage, and which conflicts with Plaintiff's prior deposition testimony and other evidence in the record. Dkt. No. 18-1. This affidavit is insufficient to support a finding that Plaintiff was terminated under circumstances which give rise to an inference of unlawful discrimination.

Accordingly, the Court concludes that Plaintiff has failed to make out a *prima facie* case of discrimination under *McDonnell Douglas* and summary judgment in favor of On the Cusp is warranted. *McDonnell Douglas Corp.*, 411 U.S. at 802 (emphasis added); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Garrison v.*

7

*Gambro, Inc.*, 428 F.3d 933, 937 (10th Cir. 2005) ("In the context of summary judgment, the *McDonnell Douglas* framework requires a plaintiff to raise a genuine issue of material fact on each element of the prima facie case[.]").

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment filed by Defendant, On the Cusp Pediatric Dentistry, PLLC [Dkt. No. 17], is **GRANTED**.

Dated this 1st day of September 2021.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE